UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

RAYON DAWKINS,

        Plaintiff,

  -against-                                  1:04-CV-0398
                                                    (LEK/GHL)

ROGER A. WILLIAMS,

        Defendant.

## **<u>DECISION AND ORDER</u>**

This matter comes before the Court following a Report-Recommendation filed on June 5, 2007 by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 50).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Roger A. Williams, which were filed on June 20, 2007.  Objections (Dkt. No. 57).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved and adopted in part.  The Court fully approves and adopts Judge Lowe's learned ruling with respect to the dismissal of Plaintiff Rayon Dawkins's ("Plaintiff") false arrest claim.  The Court also approves and adopts the denial of Defendant Roger A. Williams's ("Defendant")

Motion for summary judgment with respect to Plaintiff's claim, under the Fourth and Fourteenth Amendments, that Plaintiff was denied a prompt probable-cause hearing. However, the Court rejects Judge Lowe's recommendation with respect to Plaintiff's malicious prosecution claim and grants Defendant's Motion for summary judgment on this claim as well.

The issue for this Court to decide with respect to Plaintiff's malicious prosecution claim is whether or not there was probable cause for Defendant to arrest Plaintiff for attempted second degree grand larceny. Plaintiff originally reported to the New York State Police on June 19, 2002 that his girlfriend, Nicola Disant, had been raped by Plaintiff's attorney. See Disant Statement (Dkt. No. 45, Attach. 11) at 4. Defendant arrested Plaintiff on July 19, 2002 for attempted second degree grand larceny for trying to extort from Attorney Catalano the sum of $110,000.00 in exchange for dropping the rape charge. See Felony Complaint (Dkt. No. 7, Ex. E). Judge Lowe determined that there was a triable issue of fact regarding whether Defendant had probable cause to make this arrest. Report-Rec. (Dkt. No. 50) at 39.

In order to prove a § 1983 claim for malicious prosecution, a plaintiff must establish that: "(1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted with actual malice." Russo v. N.Y., 672 F.2d 1014, 1018 (2d Cir. 1982) (quoting Martin v. City of Albany, 42 N.Y.2d 13, 16 (1977)). At issue here is whether or not Defendant had probable cause to arrest Plaintiff for attempted grand larceny in the second degree under N.Y. Penal Law §§ 110.00, 155.40. Probable cause exists when the arresting officers "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be

2

arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotations and citations omitted). The probable cause inquiry is objective, rather than subjective, and should consider only the facts known to the arresting officer at the time of the arrest. Jaegly v. Couch, 439 F.3d 149, 154-55 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004)). "Once probable cause has been established, a cause of action to recover for malicious prosecution may not be successfully maintained." Rivera v. City of New York, 836 N.Y.S.2d 108 (App. Div. 1st Dep't 2007).

The record shows that Defendant had "reasonably trustworthy information" sufficient for a "reasonable officer" to conclude that the offense of attempted grand larceny in the second degree had been committed by Plaintiff. Attempted second degree grand larceny in New York under N.Y. Penal Law §§ 110.00 and 155.40(1) is when a person attempts to intentionally steal property and that the value of the property exceeds fifty thousand dollars. N.Y. PENAL LAW §§ 110.00, 155.40(1). At the time of arrest, Defendant knew of the following facts: (1) Ms. Disant's sworn statement to the police on July 18, 2002 affirming that it was Plaintiff's idea to blackmail Attorney Catalano, that Plaintiff made her lie about the rape, and that the sexual relations between her and Attorney Catalano were consensual, Disant Statement (Dkt. No. 45, Attach. 11) at 5-6; (2) taped phone conversations that took place in June and July, 2002 between Plaintiff and Attorney Catalano in which Plaintiff admitted to "dodging" questions from police, while demanding money from Attorney Catalano, Williams Affidavit (Dkt. No. 45, Attach. 7) at ¶¶ 12, 19, 31; and (3) Plaintiff's meeting with Attorney Catalano at a pre-arranged site to attempt to collect the $110,000.00 that was demanded by Plaintiff. Id. at ¶ 32 et seq.

The probable cause inquiry requires the Court to focus on the arresting officer's knowledge

3

and state of mind at the time of arrest, and not the state of mind or actions of the alleged wrongdoer. Even if, as Judge Lowe found, Plaintiff might have had a good faith belief that his pursuit of money from Mr. Catalano was legal, Report-Rec.(Dkt. No. 50) at 27-28, it would be irrelevant in determining probable cause because at the time of arrest Defendant knew of sufficient "facts and circumstances [that] would lead a reasonably prudent person in like circumstances to believe the plaintiff guilty." See Colon v. City of New York, 60 N.Y.2d 78, 82 (1983).

However, probable cause can be rebutted or overcome by evidence that an indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. at 83. Here, probable cause was not overcome because no evidence was withheld by Defendant that would exonerate Plaintiff, nor was there any misrepresentations of the law.

First, the felony complaint filed by Defendant did *not* misstate the elements of the crime of Attempted Grand Larceny in the Second Degree under Sections 110.00 and 155.40(1) of the Penal Law of the State of New York. See Report-Rec. (Dkt. No. 50) at 27. Under the plain language of N.Y. Penal Law § 155.40(1), which Defendant cited in the felony complaint, there is no explicit element of "*an awareness of wrongful conduct*." The statute reads as mentioned above "A person is guilty of grand larceny in the second degree when he steals property and when: 1) the value of the property exceeds fifty thousand dollars." The felony complaint did however include an implicit "awareness" element by stating that the defendant "did intentionally, knowingly and unlawfully commit THE FELONY of ATTEMPTED GRAND LARCENY 2ND." Felony Complaint (Dkt. No. 7, Ex. E).

Second, there was no bad faith on behalf of Defendant for failing to reference in the felony complaint the taped telephone conversations between Plaintiff and Attorney Catalano. See Report-

4

Rec. (Dkt. No. 50) at 28.  These taped conversations were not subsequently withheld by Defendant, and are clearly a part of the record.

Third, Defendant did not withhold evidence or act in bad faith by failing to mention in the felony complaint portions of Ms. Disant's sworn statement.  See Report-Rec. (Dkt. No. 50) at 29. Including portions of Ms. Disant's July 18th statements in the felony complaint would certainly not exonerate Plaintiff and were in fact used by Defendant to help establish probable cause.  Her statement included testimony to the police that she believed that Plaintiff was attempting to blackmail Attorney Catalano, that it was Plaintiff's idea to blackmail Attorney Catalano and that Plaintiff made her lie about the rape.  Disant Statement (Dkt. No. 45, Attach.11) at 4, 6.  Moreover, Defendant did not withhold Ms. Disant's sworn statement from Plaintiff.

Lastly, without more, Mr. Catalano's friendship with Defendant's partner, John Dolan, is not evidence of Defendant's bad faith.  See Report-Rec. (Dkt. No. 50) at 31.  Neither can bad faith be inferred from Mr. Dolan's presence at the Guilderland Police Station at the time Ms. Disant initially filed her rape charge against Mr. Catalano.  Defendant has thus failed to rebut the probable cause established by Defendant.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 50) is **APPROVED** and **ADOPTED** in **PART** and **REJECTED** in **PART**; and it is further

**ORDERED,** that Defendant's Motion for summary judgment (Dkt. No. 45) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED**, that Plaintiff's claim of false arrest is **DISMISSED**, and it is further

**ORDERED**, that Plaintiff's claim of malicious prosecution is **DISMISSED**; and it is further

**ORDERED**, that Defendant's Motion for summary judgment is **DENIED** with respect to Plaintiff's Fourth and Fourteenth Amendment claims of being denied a prompt probable-cause hearing; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    September 27, 2007
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge